# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Goranowski v. Northeast Illinois Regional Commuter R.R. Corp.*,
### 2013 IL App (1st) 121050

---

| | |
|---|---|
| Appellate Court Caption | CLARENCE GORANOWSKI, JR., Plaintiff-Appellee, v. NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-1050 |
| Filed | June 6, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action under the Federal Employers' Liability Act alleging that defendant railroad was negligent in failing to provide plaintiff with a reasonably safe work environment, failing to provide him with sufficient help to reinstall a door and failing to respond to his requests for assistance, the trial court properly refused to give a special interrogatory tendered by defendant asking the jury whether defendant used ordinary care to provide plaintiff with a reasonably safe place to work, since a positive answer to that interrogatory would not be "clearly and absolutely irreconcilable" with a general verdict for plaintiff on all of his allegations. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 07-L-14441; the Hon. Susan Zwick, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Jay S. Judge, Michael E. Kujawa, and Shirley Zaneta Blazejczyk, all of Judge, James & Kujawa, LLC, of Park Ridge, for appellant. |
|---|---|
| | Ben Crane and Stephen Blecha, both of Coplan & Crane, Ltd., of Oak Park, for appellee. |
| Panel | JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Presiding Justice Lavin and Justice Pucinski concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff Clarence Goranowski was injured while attempting to install a door, by himself, on a Metra train car. He brought suit under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51 *et seq.* (2006)), alleging that defendant Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra (Metra), was negligent in one or more of the following ways: failing to provide a reasonably safe work environment, failing to provide sufficient manpower to reinstall the lavatory door, or failing to act on Goranowski's requests for assistance. The jury returned a verdict in favor of Goranowski for $545,000, later reduced to $272,500 based on the jury's finding that he was 50% at fault. Metra now appeals, arguing that the trial court erred when it declined to tender a special interrogatory to the jury. For the reasons that follow, we affirm.

¶ 2    The jury instructions tracked Goranowski's specific claims of negligence:

"The plaintiff has the burden of proving the following propositions. First, that he was injured and sustained damages while he was engaged in the course of his employment by the railroad. Second that the railroad violated the Federal Employer Liability Act in one of the ways claimed by the plaintiff as stated to you in these instructions. Third that the injury and damages to the plaintiff resulted in whole or in part from the violation of the Federal Employers Liability Act. If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for the plaintiff.

* * *

The plaintiff further claims that the railroad violated the Federal Employers Liability Act in that an officer, agent or other employee of the railroad was negligent by, A, failing to provide a reasonably safe work environment; B, failing to provide sufficient manpower to reinstall the lavatory door; or C, failing to act on Clarence Goranowski's request for assistance."

As to the duty owed to plaintiff under FELA, the trial court gave Illinois Pattern Jury

Instruction, Civil, No. 160.08 (2005): "It was the duty of the railroad to use ordinary care to provide the plaintiff with a reasonably safe place in which to do his work."

¶ 3        Metra proposed the following special interrogatory: "On May 10, 2005, did Metra railroad use ordinary care to provide plaintiff with a reasonably safe place in which to do his work?" Goranowski objected that the special interrogatory did not adequately test the general verdict because it only tested one of his claims of breach. The trial court sustained the objection, observing that an interrogatory would have to address each of the three specific claims of breach if it were to serve as a check on all issues. Metra declined to tender an interrogatory incorporating the court's suggestions, instead electing to stand on the one it tendered. The jury returned a general verdict for Goranowski in the amount of $545,000, found him 50% at fault, and reduced the damages to $272,500. Metra then filed a posttrial motion, arguing that the trial court improperly refused its special interrogatory. The trial court again disagreed:

> "[T]he liability instruction to the jury referenced a violation of the Federal Employers Liability Act, and listed, as one possible violation, the failure to provide a reasonably safe work environment. In light of the instructions given to the jury, a negative answer to the special interrogatory, as written, would not foreclose the possibility that the jury would have determined one of the alternative theories of liability upon which to fix negligence. In short, an answer to the special interrogatory in favor of Metra would not test the veracity of a general verdict in favor of the plaintiff."

This appeal followed.

¶ 4        Special interrogatories are governed by section 2-1108 of the Code of Civil Procedure (735 ILCS 5/2-1108 (West 2010)):

> "Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact submitted to the jury in writing."

Special interrogatories are meant to "test[ ] the general verdict against the jury's determination as to one or more specific issues of ultimate fact." *Simmons v. Garces*, 198 Ill. 2d 541, 555 (2002). Under section 2-1108, an answer to a special interrogatory controls the judgment when it is inconsistent with the general verdict:

> "If a special interrogatory does not cover all the issues submitted to the jury and a 'reasonable hypothesis' exists that allows the special finding to be construed consistently with the general verdict, they are not 'absolutely irreconcilable' and the special finding will not control. [Citation.] In determining whether answers to special interrogatories are inconsistent with a general verdict, all reasonable presumptions are exercised in favor of the general verdict. [Citation.]" *Id.* at 556.

We review *de novo* as a question of law a trial court's decision on whether to give a special interrogatory that has been requested by a party. 735 ILCS 5/2-1108 (West 2010); *Garcia v. Seneca Nursing Home*, 2011 IL App (1st) 103085, ¶ 35.

¶ 5        Metra first argues that its interrogatory is not meant to test whether Metra breached a duty owed to Goranowski. In Metra's view, its special interrogatory would test the element of

"duty," while the trial court's suggested interrogatory–addressing the three alleged violations of FELA listed in the instructions–would test the element of "breach." Goranowski responds that the question of whether Metra owes a duty is a question of law for the court, not a "question of ultimate fact" to be asked of the jury in the form of a special interrogatory. See, *e.g.*, *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430 (2006) ("Whether a duty exists in a particular case is a question of law for the court to decide."). Metra does not dispute that whether a duty exists is a question of law for the court to decide, and it does not question that it owed a duty to provide its employees with a reasonably safe place to work. Instead, Metra claims that its "special interrogatory did not, as Plaintiff suggests, ask whether Metra breached its duty. It asked *whether Metra fulfilled its duty*, an important distinction." (Emphasis added.)

¶ 6        Metra's argument is not persuasive. If Metra breached its duty, then Metra did not fulfill its duty; if Metra did not breach its duty, then Metra fulfilled its duty. It is true that Metra's special interrogatory would test whether Metra fulfilled its duty, but it is also true that the special interrogatory would test whether Metra breached its duty. The "important distinction" Metra identifies is no distinction at all.

¶ 7        We are left to determine whether Metra's proposed special interrogatory properly tested whether Metra breached its duty under FELA. As Metra acknowledges, the instructions identify three ways Metra is alleged to have breached its duty to provide "a reasonably safe place in which to work": by failing to provide Goranowski with a "reasonably safe work environment," failing to provide sufficient manpower to reinstall the bathroom door, and failing to act on Goranowski's request for assistance.[1] Metra argues that if the alleged breaches all fall under its duty to provide "a reasonably safe place in which to work," then it should have been allowed to give a special interrogatory directed at whether that duty was breached (or, using Metra's terminology, whether that duty was "fulfilled"). As Metra puts it, "the jury was instructed as to one, and only one, duty owed by a railroad–to provide Plaintiff with a reasonably safe place in which to do his work. The special interrogatory Metra submitted asked the jury whether Metra fulfilled that duty."

¶ 8        The danger with asking the jury whether Metra failed to provide "a reasonably safe place to work" is that the jury would equate that concept with only one of three allegations of breach: the failure to provide Goranowski with a "reasonably safe work environment." While the instructions use slightly different language to describe Metra's duty and the alleged breaches of that duty, Metra concedes that there is no meaningful difference between the

[1]For the purposes of this appeal, we adopt Metra's reading of the instructions–as identifying a single duty owed (the duty to provide a reasonably safe place in which to work) and identifying three ways in which plaintiff claimed Metra breached that duty. We need not address plaintiff's alternative reading of the instructions–as encompassing multiple duties, all part of a generalized duty of care under FELA, and multiple ways in which Metra breached those duties.

words "reasonably safe work environment" and "reasonably safe place to work."[2] And while the instructions speak of a single duty under FELA to provide Goranowski with a "reasonably safe place in which to work," the instructions do not explain that the general duty encompasses Metra's three claims of breach. Thus, it would be possible for the jury to answer "yes" to the special interrogatory (*i.e.*, find that Metra provided a reasonably safe place to work), but also find that Metra failed to provide sufficient manpower or act on Goranowski's request for help. An answer of "yes" to Metra's proposed interrogatory would not be "clearly and absolutely irreconcilable with the general verdict." (Internal quotation marks omitted.) *Blue v. Environmental Engineering, Inc.*, 215 Ill. 2d 78, 112 (2005).

¶ 9 Put another way, the parties' debate about the meaning of the interrogatory–does it speak to Metra's overarching duty under FELA or does it speak to one of the three alleged breaches?–would be carried over into the jury room. An affirmative answer from the jury would only spur more debate about the jury's interpretation of the special interrogatory and the meaning of the jury's answer. If Metra intended to test the general verdict, the special interrogatory it drafted did not do the job. The circuit court correctly refused to submit the special interrogatory to the jury.

¶ 10 Finally, we must address Goranowski's motion to cite additional authority, *Bender v. Southern Pacific Transportation Co.*, 600 S.W.2d 257 (Tex. 1980). Metra filed an objection, arguing that the motion was untimely (where Goranowski cited a 33-year-old opinion in a motion filed 49 days after Metra's reply brief) and *Bender* was otherwise not applicable to this case. We took the motion with the case. In light of our resolution, Goranowski's motion is denied as moot.

¶ 11 Affirmed.

---

[2]Metra claims that the statement that Metra failed to provide a reasonably safe work environment "was simply a slightly reworded" version of the duty to provide a reasonably safe place in which to work and was "conclusory and wholly unnecessary." Metra makes no claim of error as to the jury instructions on appeal, however, and accepts that the identified violations of FELA all fall under Metra's general duty, under FELA, to "provide a reasonably safe place in which to work."